JOSÉ MÉNDEZ REYES, Plaintiff and Appellant, *v.*
NAZARIO LUGO, Defendant and Appellee.

No. 9635. Argued February 3, 1948.—Decided February 27, 1948.

*M. León Parra* for appellant. *R. Hernández Matos* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

José Méndez Reyes brought an action for damages against Nazario Lugo, and alleged that on March 10, 1946, a motor truck of the Studebaker make, license-plate No. HP–1695, owned by the defendant, while driven by Juan Meléndez Ji-

ménez, a chauffeur, suddenly moved forward and struck the rear part of plaintiff's horse-drawn carriage, thereby destroying said carriage as well as the horse's harness and causing several bruises on plaintiff's body; and that, as a consequence of the accident, the plaintiff had suffered personal and property damages amounting to $507. He prayed for a judgment for that amount, with interest thereon at the legal rate from the filing of the complaint, plus costs and attorney's fees.

The defendant answered and set up that the complaint did not state facts sufficient to constitute a cause of action because the above-mentioned truck did not belong to him, as another person, to whom he had sold it several months prior to the accident, was the owner thereof.

At the trial the defendant admitted all the facts alleged in the complaint except that he was the owner of the truck HP-1695; hence, the only question left for decision was the one relating to the ownership of the truck involved in the accident. After the trial was held, the lower court dismissed the complaint in all its parts because it found that on the day of the accident the defendant did not possess as owner the said truck.

Feeling aggrieved by that judgment, the plaintiff brought the present appeal, and assigned three errors. The first two assignments read thus: (1) the lower court committed an error of law in holding that in accordance with § 2(c) of Act No. 55 of April 1942, to "Regulate the Use of Motor Vehicles," the registration in the Department of the Interior of an automobile in the name of the person who appears in such register as owner, does not constitute evidence of such ownership in an action for damages caused by such automobile; and (2) that the lower court committed an error of law in holding that the certificate of the Treasurer of Puerto Rico (plaintiff's evidence) stating that, for the fiscal year 1945–46, the defendant appeared as taxpayer in respect of the truck

HP–1695, does not prove that the defendant was actually the owner of said truck at the time of the accident.

 From the evidence introduced in this case it appears that the defendant bought, in the year 1943, from Carlos Nicole and Nicolás García four trucks, among them one of the Studebaker make, license-plate No. HP–1695; that on August 6, 1945, he sold the Studebaker truck to Alfonso González; that said sale was executed in writing and before a notary public; that the selling price was $700, of which González paid $300 in cash and bound himself to pay the remaining $400 in ten monthly instalments of $40 each; that González signed and delivered to the defendant ten promissory notes, which were indorsed by the defendant and delivered to Banco de Ponce in order that they be applied to a debt he had with that bank; that on the same day of the sale, the defendant indorsed in blank and delivered to González the truck's license, the date not being stated in the indorsement. The plaintiff introduced in evidence a certificate issued by the Department of the Interior, to the effect that during the fiscal year 1945–46 the truck bearing license-plate HP–1695 appeared registered in the name of the defendant. The plaintiff also introduced in evidence another certificate issued by the Treasurer of Puerto Rico, stating that, for the fiscal year 1945–1946, the defendant appeared as taxpayer in respect of the truck HP–1695.

The defendant introduced in evidence a deed of purchase and sale executed, on August 6, 1945, by him and Alfonso González, before Notary Public Carlos J. Teissoniere in which the transaction carried out by them with reference to the truck was embodied. He likewise introduced several promissory notes canceled by Banco de Ponce which had been issued by González in favor of the defendant (González made the payments directly to the bank). Both parties also introduced oral evidence in support of their respective contentions. The lower court decided that ''taking as a whole the evidence in-

troduced by both parties, considering the weight and probative force of the documentary evidence, and the credit accorded to each of the witnesses, the court deems it satisfactorily proven that on the date of the accident, March 10, 1946, the Studebaker truck, license-plate HP–1695, was not owned by the defendant."

It is true that, in accordance with the provisions of Act No. 55 of 1942, every person acquiring a motor vehicle shall immediately so advise the Automobile Division of the Department of the Interior, by forwarding to it the license of said automobile, duly transferred to his name by the previous holder, and the person transferring the vehicle shall notify the Commissioner of the Interior in writing giving the number of the vehicle and the name and address of the new owner; and that the registration of the motor vehicle in the Department of the Interior gives rise to the presumption of ownership in favor of the person who appears as owner in the records of said department. However, the failure to perform this duty does not carry with it the nullity or non-existence of the contract of sale entered into between the parties. Even though, according to the records of the Department of the Interior, a person appears on a certain date as the owner of a motor vehicle, evidence may be introduced to overcome the presumption which arises therefrom and to show that it did not, at that time, belong to that person but to another. *Claudio* v. *Delgado,* 44 P.R.R. 730; *Ramos* v. *Heirs of Nadal,* 29 P.R.R. 546; and *Yordán* v. *Ríos, ante,* p. 241. In the case at bar, evidence was adduced by the plaintiff to the effect that the defendant was presumptively the owner of the truck which caused the damages; but there was also introduced evidence by the defendant to overcome that fact. The lower court, in resolving the conflict in the evidence regarding this particular, said:

"And, in the judgment of the court, the defendant has successfully overcome said presumption. The private instrument of sale

of the truck, duly certified before a notary, leaves no doubt that the defendant Nazario Lugo sold that vehicle to Alfonso González on August 6, 1945, long before the accident occurred. The defendant and the purchaser, Alfonso González, testified as witnesses and satisfied the court that said transaction was real and effective and that the title to the truck passed to the purchaser on the stated date. This is also proved by the notes signed by the purchaser and paid through Banco de Ponce in settlement of the purchase price.''

The evidence was conflicting and the lower court gave credit to defendant's evidence showing that he was not the owner of the truck in question. Since the same was sufficient to support such a finding, the latter will not be disturbed on appeal.

█ The appellant urges that the court erred in holding that the certificate issued by the Treasurer of Puerto Rico did not prove that the defendant was the owner of the truck.

The fact that a person appears as an insular taxpayer is not conclusive evidence that at all times subsequent to the apportionment or assessment of the tax he has continued to be the owner of the property taxed. On this point the lower court correctly concluded that ''the certificate of the Treasurer of Puerto Rico evidencing that for the fiscal year 1945–1946 the defendant appeared as taxpayer in respect of the truck HP–1695 does not actually prove that the defendant was the owner of the truck at the time of the accident. The sale of the truck by the defendant to González was made after the fiscal year 1945–1946 had already begun, and therefore the transfer could not be entered in the books of the Treasury until the tax assessment corresponding to the year 1946–1947 had been effected.''

That certificate perhaps created a presumption, but the latter was successfully overcome by the evidence to the contrary introduced by the defendant, to which the court gave full credit.

■ In his last assignment of error the appellant states that the evidence introduced in this case does not justify the conclusions reached by the lower court.

We have made a careful study of the evidence introduced and we find that it is sufficient to support the judgment.

The judgment appealed from will be affirmed.